## In re McGREW.
### No. 19890.

District Court, W. D. Pennsylvania.
Dec. 14, 1937.

160

D. M. Kaufman and E. Lowry Humes, both of Pittsburgh, Pa., for debtor.

Cort & Cort, of Pittsburgh, Pa., for Bank of Eureka.

SCHOONMAKER, District Judge.

Under section 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203, Edward McGrew filed a debtor's petition as a farmer for a composition or extension. Having failed to obtain the acceptance of a majority in number and amount of all creditors whose claims were affected by the said composition or extension proposals, he thereupon petitioned to be adjudged a bankrupt under subsection (s) of section 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203 (s). Thereupon, on July 21, 1937, he was adjudged a bankrupt and the case was referred to the Conciliation Commissioner for Allegheny County, Pennsylvania, for further administration in accordance with the Bankruptcy Act. Appraisers were thereupon appointed. They filed an appraisal of real estate owned by bankrupt, situate in Bethel township, Allegheny county, Pennsylvania, at $10,537.50 and also of certain timberlands owned by bankrupt, situate in Humboldt county, California, at $14,525.

The Conciliation Commissioner, as referee under the act, on August 22, 1937, approved the appraisers' report and ordered that said real estate located in Bethel township, Allegheny county, Pennsylvania, and in Humboldt county, California, remain in the possession of the bankrupt under the supervision and control of the court, subject to existing lien and encumbrances and to a reasonable rental to be paid semiannually into court, as fixed by the court under the provisions of section 75(s) of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203(s).

The California property was subject to a first mortgage in the sum of $6,000 held by the Bank of Eureka, California. This mortgage the bank foreclosed in the superior court of Humboldt county, California, and sold the property at sheriff's sale on May 19, 1936, for $8,004.85. Under the California law, Code Civ.Proc. Cal. § 702, as amended by St.1933, p. 2364, McGrew was entitled to redeem this property from this sheriff's sale on or before May 19, 1937.

McGrew filed his debtor's petition herein on May 11, 1937, and on May 13, 1937, on his petition to this court, a temporary restraining order was issued against the Bank of Eureka to restrain the bank from further proceedings on its mortgage foreclosure. The bank now moves that this restraining order be terminated for the following reasons: (1) The proceedings are not in good faith; (2) there is no substantial equity in the property over the bank's indebtedness and the delinquent taxes thereon.

The good faith of McGrew's petition is attacked on the ground that his schedules filed fail to disclose that he owns any farm property, the premises on which he resides in Bethel township, Allegheny county, Pennsylvania, being disclosed in his schedules as lot subdivisions. The only evidence of any farming operation is an inventory item of "farming stock and implements and five tons of hay—$121.00." The farming stock and implements are listed in the inventory as "1 Rake 1 Roller 1 Scoop" and the hay is listed as "8 tons hay." While this objection based on the schedules and inventory presents some ground on which to rest an objection that McGrew was not in fact a bona fide farmer, we do not need to pass judgment on that, so far as the California property is concerned, for we are of the opinion that the second ground of objection is well taken, and that there is no substantial equity in the California property over the bank's indebtedness and the delinquent taxes on this property.

The bank's bid for the property, $8,004.85, under the California law, to redeem this property, would require the payment of this amount plus one per cent. per month since May 19, 1936. This percentage now amounts to $1,440.85.

There are delinquent taxes on this property for the years 1932, 1933, 1934, and 1935, amounting to $2,380.46, and current taxes of $422.69. All these items would make a total of $12,248.46.

The bankrupt's schedules do not show any funds from which these interest and

tax charges could be met. The equity, if any, in this California property is so small, the taxes and accrued interest charges are so large, that we are of the opinion there is no reasonable hope the bankrupt can rehabilitate himself from any sums that could be realized from this California timber tract, and therefore should not further restrain additional operation of the California redemption statutes.

In connection with this California timber tract, it should also be noted that at the time the bank foreclosed its mortgage and sold this property at sheriff's sale on May 19, 1936, the title to the property was not in McGrew, but was in one Reid Kennedy, to whom McGrew conveyed it on or about March 1, 1932, and that title was out of McGrew until March 8, 1937 (just three days before he filed his debtor's petition in this case), when Kennedy reconveyed it to McGrew.

The preliminary injunction issued herein against the Bank of Eureka will be dissolved. An order may be submitted accordingly.